UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Magistrate No.
03-M00089-LPC

UNITED STATES OF AMERICA

v.

JOHN MELO
GREGORY WARREN

MEMORANDUM AND ORDER ON GOVERNMENT'S
MOTION FOR DETENTION

August 19, 2003

COHEN, M.

The above-named defendant were arrested on the basis of a complaint charging them with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine. On the occasion of their first appearance, the government moved for pretrial detention on the grounds of danger to the community and risk of flight. At the request of counsel for defendants, the detention hearing was continued to Friday, August 15, 2003.

I. A. Under the provisions of 18 U.S.C. 3142(c), "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." Thus, a defendant must be released under the provisions of 18 U.S.C. 3142(b) or (c), or detained pending trial under the provisions of 18 U.S.C. 3142(e). See 18 U.S.C. 3142(a).

Under §3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence, after a detention hearing under the provisions

of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the safety of any other person or the community....", or if the judicial officer finds by a preponderance of the evidence, after a detention hearing under the provisions of §3142(f), "...that no condition or combination of conditions (set forth under §3142(b) or (c)) will reasonably assure the appearance of the person as required ...".[1]

  B.  The government is entitled to move for detention on grounds of danger to the community in a case that--

  (1) involves a crime of violence within the meaning of §3156(a)(4);

  (2) involves an offense punishable by death or life imprisonment;

  (3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[2] or more; or

  (4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or

---

[1] The distinction between the former and latter are made clear by the very language of Section 3142(f). In the last paragraph of that section, Congress has stated there must be clear and convincing evidence to authorize pretrial detention when the question is whether any condition or combination of conditions "will reasonably assure the safety of any other person and the community...". (Last emphasis added).  By not requiring that same standard vis a vis an assessment of risk of flight, it is clear that a lesser standard--i.e., preponderance of the evidence--applies.  And that is precisely the holding in this and other Circuits.  See e.g., United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir.), cert. dismissed, 107 S.Ct. 562 (1986); United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985); United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986).

[2] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense--not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. See United States v. Moss, _ F.2d _, No. 89-1859, Sl.Op. 8-12 (1st Cir. October 5, 1989).

the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. See 18 U.S.C. 3142(f).

C.  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning--

    (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (b) the weight of the evidence against the accused;

    (c) the history and characteristics of the person, including--

    (i) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (ii) whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

    (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release....

D.  Additionally, in making the determination, the judicial officer must consider two <u>rebuttable</u> presumptions, to wit:

<u>First</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the <u>safety</u> of any other person or the community if the judicial officer

finds (1) that the defendant has been convicted of a Federal crime of violence within the meaning of §3156(a)(4) [or a state crime of violence within the meaning of §3156(a)(4) if the offense would have been a <u>federal</u> offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act--e.g., possession of cocaine, heroin, more than 1000 pounds of marihuana, with intent to distribute--, or the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.

<u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. 924(c)--i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.

Insofar as the latter "presumption" is applicable in assessing "risk of flight", the burden remains with the government to establish "...that no condition or combination of conditions will

reasonably assure the appearance of the person as required....". In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight. The burden then rests on the defendant to come forward with "some evidence", United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991), indicating that these general findings are not applicable to him for whatever reason advanced. At this point, this court must weigh all relevant factors [set forth under §3142(g)], and then determine whether any condition or combination of conditions will reasonably assure the appearance of the [defendant] as required....".  The decision is an individualized one based on all relevant factors. See United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).[3]

Additionally, with respect to those presumptions which are triggered by a finding of probable cause that the accused committed the offense with which he is charged, the return of an indictment "fair upon its face" conclusively establishes the existence of probable cause,

---

[3]  The presumption is always entitled to evidentiary weight, the amount of which, if at all, depends on the nature of the production by the defendant and the other factors set forth under Section 3142(d). On later occasion, the United States Court of Appeals has observed, inter alia:

> Section 3142(e), however, only imposes a burden of production on a defendant.  The burden of persuasion remains with the government.  Nevertheless, even after a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but retains evidentiary weight--the amount depending on how closely defendant's case resembles the congressional paradigm, Jessup, 757 F.2d at 387--to be considered along with other factors.

United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)(per curiam); see also, United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however--

> the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

and triggers the applicability of the particular presumption.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Vargas, 804 F.2d 157, 161 (1st Cir. 1986); United States v. Dominiguez, 783 F.2d 702 (7th Cir. 1986); United States v. Hurtado, 779 F.2d 1467, 1477-1479 (11th Cir. 1985); United States v. Contreras, 776 F.2d 51, 52, 54-55 (2d Cir. 1985); United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985).

Moreover, one may be considered a danger to the community even in the absence of a finding by clear and convincing evidence that the accused will engage in physical violence. To the contrary, as noted by the Committee on the Judiciary (Report of the Committee on the Judiciary, United States Senate, on S. 215. 98th Congress, Report No. 98-147 (May 25, 1983)--

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....The Committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community." (Emphasis added; footnotes omitted).

See also, United States v. Hawkins, 617 F.2d 59 (5th Cir.), certiorari denied, 449 U.S. 962 (1980)(trafficking in controlled substances).[4]

---

[4] A defendant may be ordered detained as a danger to the safety of another or to the community, however, only if the judicial officer determines that a detention hearing is appropriate under the provisions of 18 U.S.C. 3142(f)(1)(A) through 3142(f)(1)(D).  That is to say, even if a detention hearing is appropriate under Sections 3142(f)(2)(A) through 3142(f)(2)(B) [for risk of flight or danger of obstruction of justice or intimidation of witnesses], danger to the community is not a basis upon which a defendant may be ordered detained prior to trial, unless the government has moved under Section 3142(f)(1), and the judicial officer has determined that a hearing
(continued...)

Finally, the presumptions are applicable if the judicial officer finds probable cause to believe that the accused has committed one of the predicate offenses referred to above, even if the charge before the court does not involve that particular offense. See United States v. Bess, 678 F.Supp. 929, 934 (D.D.C. 1988); but see, United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).[5]

II.  The defendant John Melo is 33 years old, having been born in Fall River 1969.  He reported to Pretrial Services (and this court) that he lives in Fall River with his parents and his son, but his father reported that the defendant has not resided in their house for several years.  He reports that he works 25 hours a week for the MBS Trucking Company in Dartmouth, Massachusetts.  He owns two automobiles, and is a part owner of a six-unit apartment house in Fall River.

Melo has a significant prior criminal record - juvenile and adult - the details of which are set forth in the Pretrial Services report.  Among other things, he was convicted in October 1989 on a charge of burning which was committed while on bail in connection with a breaking and entering and related charges.  In 1990, he was convicted on charges of possession of Class B and C controlled substances while still on bail in connection with the breaking and

---

[4]  (...continued)
is appropriate under that latter section.. See United States v. Ploof, 851 F.2d 7 (1st Cir. 1988).

[5]  In this court's view, Judge Robinson's decision in Bess, supra, is the more persuasive one, the holding in Chimurenga, supra, notwithstanding.  The Bail Reform Act of 1984 was modeled, in large part, on the preventative detention statutes in effect for a number of years in the District of Columbia.  This court does not view the requirement that the offense giving rise to the statutory presumption be contained within the formal charge as consistent with the procedural framework imposed by the statute.  The Chimurenga court seems to suggest that the requirement is necessary to provide fair notice to the defendant that the statutory presumption will come into play.  But a formal charge, as such, is only one method by which to give that fair notice.  For example, in a complaint charging armed bank robbery in violation of the provisions of 18 U.S.C. 2113(d), the operative facts set forth in the affidavit in support of the charging complaint may well state that the defendant was using a firearm during the commission of the robbery.  That is clearly fair notice.

entering charge, as well as the burning charge. In June of 1991, he was convicted on a charge of possession of a Class C substance with intent to distribute which was committed while he was on bail in connection with other narcotics charges. In 1993, he was convicted on a charge of threatening which was committed while he was on probation for other narcotics offenses. In May of 1994, he was convicted on a charge of possession of a Class A substance with intent to distribute which was committed while he was on bail in connection with a lewd and lascivious charge. In 1996, he was again convicted on a charge of possession of a Class A substance with intent to distribute, that offense having been committed while he was on bail in connection with another narcotics charge, and he was sentenced to imprisonment for 3 ½ to 5 years. On February 3 of this year, he was charged with home invasion and assault and battery with a dangerous weapon, and was released on bail. The current offense charged in the complaint before this court was committed while he was on bail in connection with the home invasion and assault and battery with a dangerous weapon charges. His prior criminal record reflects some nineteen defaults.

      The defendant Warren is 35 years old, having been born in Pawtucket, Rhode Island, in 1967. He was married and is now divorced. He has six children, none of whom reside with the defendant Warren. He currently lives with his father in Cranston, Rhode Island. He reports that he is self-employed as a mechanic.

      In 1985, he was convicted on charges of automobile theft and possession of a stolen automobile. In 1988, he was convicted of leaving the scene of an accident. In July of 1992, he was convicted of larceny of $250 and conspiracy. In June of 2001, he was convicted of a domestic assault. In 2001, he was convicted on two charges of possession of a Schedule 1-

V controlled substance. In April of 2002, he was convicted on a charge of breaking and entering. He was on probation on that charge when the offense charged in the complaint before this court was committed.[6] He is currently subject to the terms of a restraining order which expires in May of 2004. There is an outstanding warrant against him for unlicensed operation of a motor vehicle in Taunton.

      III. The record evidence, the details of which are set forth in the Affidavit of Special Agent Craig S. Arney, received as Exhibit 1 at the detention hearing, shows that the defendants conspired to distribute some two kilograms of cocaine each month. Based on Title II intercepts, as well as other surveillance, the evidence shows that Melo purchased a kilogram of cocaine from Warren on June 22, 2003, another one or two kilograms of cocaine on July 11, 2003, and another two kilograms of cocaine on July 22, 2003. On the latter occasion, a search of Melo's vehicle, driven by Warren, and parked near Melo's parents' house, revealed two kilograms of cocaine, and a search of Melo's vehicle revealed $54,000 in cash. A later search of the house of Melo's parents revealed some $34,000 in cash, the ownership of which was disclaimed by Melo's parents. Additionally, a search of an apartment where Melo was living revealed cocaine hidden under the floorboards.

      IV. In the circumstances, this court finds and concludes that no condition or combination of conditions - short of pretrial detention - would reasonably assure the defendants' presence or the safety of the community.

      Given the nature of the charges against the defendants, the statutory presumptions referred to above, pp. 3-7, clearly apply to this case. And neither of the defendants have

---

[6] His probation officer in that case has reported that he will be filing a violation notice in that case.

proffered anything of substance affecting the weight of those presumptions.[7] To the contrary, the record evidence is consonant with those statutory presumptions in terms of risk of flight and danger to the community.

In terms of risk of flight, in the face of overwhelming evidence, defendant Melo, given his prior convictions and the amount of cocaine involved, faces a mandatory minimum sentence of imprisonment for 20 years, and defendant Warren faces a mandatory minimum sentence of imprisonment for ten years. Given these foreseeable consequences - based on strong and compelling evidence - and (in the case of defendant Melo, his nineteen, more or less, prior defaults), the government has established by a preponderance of the evidence that no condition or combination of conditions - short of pretrial detention - would reasonably assure the presence of the defendants.

So, too, with the matter of danger to the community. The record evidence shows that each of the defendants are large-scale traffickers in cocaine, distributing, at the very least, some two kilograms of cocaine each month. In this regard, they fit perfectly Congress' "congressional paradigm, United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985). Moreover, the defendants, by their own deeds, have demonstrated that conditions of release would not curb their bent on distributing narcotics. As indicated above, the record evidence

---

[7] "[T]he presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." (Emphasis added).

United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991)(Emphasis added). See also, United States v. Rodriquez, 950 F.2d 85, 88 (2d Cir. 1991).

That does not mean, of course, that the presumption is conclusive. The question is whether the defendant has produced some evidence to show 'that what is true in general is not true in [his] case....". Jessup, supra, at 384.

shows that the defendant Melo has, in the past, continued to engage in crimes, including narcotics' offenses, while on bail and/or probation, on at least five different occasions. Indeed, that same record evidence shows that Melo engaged in a conspiracy to distribute more than five kilograms of cocaine, that is, the offense charged here, while on bail, and that the defendant Warren engaged in the same conspiracy while on probation and subject to the terms of a restraining order. The government has established by clear and convincing evidence that no condition or combination of conditions - short of pretrial detention - would reasonably assure the safety of the community.

    V. IT IS ACCORDINGLY ORDERED that the defendants be DETAINED pending trial, and it is further Ordered--

    (1) That the defendants be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2) That the defendants be afforded a reasonable opportunity for private consultation with counsel; and

    (3) On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendants are detained and confined deliver the defendants to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

_____
UNITED STATES MAGISTRATE JUDGE