UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) 03CR10361RWZ |
| | ) |
| v. | ) CRIMINAL NO: |
| | ) |
| 1.  JOHN MELO | ) 21 U.S.C. § 846 - Conspiracy |
| 2.  GREGORY WARREN | ) To Distribute, and to Possess |
| 3.  SCOTT FINK | ) With Intent To Distribute, |
| 4.  KEVIN BRIGGS | ) Cocaine |
| 5.  CARLA PAIVA | ) |
| 6.  TANYA PINHEIRO | ) 21 U.S.C. § 853 - Criminal |
| | ) Forfeiture |

INDICTMENT

COUNT ONE:   (21 United States Code, Section 846 - Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about May 2003, and continuing thereafter until in or about July 2003, at Westport, Fall River, New Bedford, and elsewhere in the District of Massachusetts, in North Providence, Central Falls, and elsewhere in the District of Rhode Island, and elsewhere,

1.  JOHN MELO,
2.  GREGORY WARREN,
3.  SCOTT FINK,
4.  KEVIN BRIGGS,
5.  CARLA PAIVA,
6.  TANYA PINHEIRO,

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute, and to possess with intent to distribute, cocaine, a Schedule II controlled substance, in violation of 21, United States Code,

Section 841(a)(1).

The Grand Jury further charges that the conspiracy involved five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21, United States Code, Section 841(b)(1)(A).

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A).

## FORFEITURE ALLEGATION
### (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offense alleged in Count One of this Indictment,

    1. JOHN MELO,
    2. GREGORY WARREN,
    3. SCOTT FINK,
    4. KEVIN BRIGGS,
    5. CARLA PAIVA,
    6. TANYA PINHEIRO,

defendants herein, if convicted, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offense; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.  Such property includes, but is not limited to the following:

a) The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;

b) The real property located at 172 Earle Street, Fall River, Massachusetts as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

c) One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995

registered to John Melo;

d) One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendants --

- (a) cannot be located upon the exercise of due diligence;
- (b) has been transferred or sold to, or deposited with, a third party;
- (c) has been placed beyond the jurisdiction of the Court;
- (d) has been substantially diminished in value; or
- (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; December 3, 2003

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK    12:30 pm