UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>           Plaintiff,     )<br>      v.                    )<br>                             )<br>JOHN MELO,                   )<br>           Defendant.       )<br>                             )<br>                             ) | Criminal No. 03-10361-RWZ |

**UNITED STATES' MOTION**
**FOR ISSUANCE OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case, pursuant to Title 21, United States Code, Section 853. In support thereof, the United States sets forth the following:

1. On or about December 3, 2003, a grand jury sitting in the District of Massachusetts returned a One Count Indictment charging Defendant John Melo ("Melo" or the "Defendant"), and others, with the following: Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine, in violation of 21 U.S.C. §846, §841(a)(1), and §841(b)(1)(A) (Count One).

2. The Indictment also included a Criminal Forfeiture allegation, pursuant to 21 U.S.C. §853, and as a result of the offense alleged in Count One of the Indictment, the United States sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or

1

indirectly, as a result of the offense, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.  Such property includes, but is not limited to the following:

    (a)    The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;[1]

    (b)    The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

    (c)    One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo; and

    (d)    One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo.

3.    The forfeiture allegation also provided that if any of the properties previously mentioned, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided

---

[1] The 147 Eighteenth Street, Fall River, Massachusetts real property is being forfeited in conjunction with the civil proceedings in, U.S. v. 172 Earle Street, Fall River, Massachusetts, docket number 03-11513-RCL.  On July 22, 2005, a Final Judgment and Order of Forfeiture was issued for this property and therefore it will not be forfeited in connection with the instant criminal case.

without difficulty, that it is the intention of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of the previously described properties.

    4.    On or about May 25, 2005, a change of plea hearing was held whereby the Defendant entered into a written Plea Agreement in which he pled guilty to Count One of the Indictment.  In addition, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his guilty plea.  The assets to be forfeited included, but were not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.  The assets to be forfeited specifically included, without limitation, the following:

(a) The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;[2]

(b) The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

(c) One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo;

(d) One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to

---

[2] As mentioned previously, this property is being civilly forfeited in the civil case, U.S. v. 172 Earle Street, Fall River, Massachusetts, (C.A. No. 03-11513-RCL).

       John L. Melo;

(e) Seventy-five thousand dollars ($75,000) in U.S. currency, which is currently in the possession, custody or control of Defendant;

(f) Any and all other property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as the result of drug trafficking during the period July 2001 through July 2003, except as set forth herein.

(g) Fifty-four thousand dollars ($54,000) recovered from a 1992 red Mercury Marquis on or about July 22, 2003;

(h) Thirty-four thousand dollars ($34,000) recovered from 148 Davis Road, Westport, Massachusetts, on or about July 23, 2003;

(i) One 1991 GMC Jimmy (registration MA 473AEL); and

(j) One 1997 Jeep Grand Cherokee (registration MA 38FK20),

(collectively referred to as the "Defendant Properties")

    The Defendant admits that these assets are subject to forfeiture on the grounds that (1) they constitute, or are derived from, proceeds of Defendant's unlawful drug activity, and/or (2) they were used, or intended to be used, to commit the crime charged in Count One of the Indictment.  Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States.  The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion.

    5.  By virtue of the Defendant's guilty plea, and his subsequent conviction on Count One of the Indictment, the United States is now entitled to a Preliminary Order of Forfeiture against

the Defendant Properties, or substitute assets, in a value up to the amount of the Defendant Properties. <u>See</u> Rule 32.2(b)(2); 21 U.S.C. §853(p); <u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

    6.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Defendant Properties and will publish notice in newspapers of general circulation of the Court's Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n).

    WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

                                   Respectfully submitted,

                                   MICHAEL J. SULLIVAN
                                   United States Attorney,

                                   <u>/s/ Jennifer H. Zacks</u>
                                   JENNIFER H. ZACKS
                                   Assistant U.S. Attorney
                                   United States Courthouse
                                   Suite 9200
                                   1 Courthouse Way
                                   Boston, MA 02210
Date: 9/9/2005                  (617) 748-3100

CERTIFICATE OF SERVICE

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that a true copy of the United States' Motion for Issuance of a Preliminary Order of Forfeiture and proposed Preliminary Order of Forfeiture was served, by first class mail, postage prepaid, upon the following:

John P. LaRochelle, Esquire,
LaRochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, RI 02903

John E. MacDonald, Esquire
LaRochelle & MacDonald, Inc.
One Turks Head Place, Suite 1440
Providence, RI 02903

Michael C. Andrews, Esquire
Law Office of Michael C. Andrews
21 Custom House Street, Suite 920
Boston, MA 02110

                                       */s/ Jennifer H. Zacks*
                                       JENNIFER H. ZACKS
                                       Assistant U.S. Attorney

Dated: September 9, 2005