UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>            Plaintiff,           )<br>      v.                           )<br>                                   )<br>JOHN MELO,                         )<br>            Defendant.             )<br>                                   )<br>                                   ) | Criminal No. 03-10361-RWZ |

**PRELIMINARY ORDER OF FORFEITURE**

ZOBEL, D.J.,

WHEREAS, on or about December 3, 2003, a grand jury sitting in the District of Massachusetts returned a One Count Indictment charging Defendant John Melo ("Melo" or the "Defendant"), and others, with the following: Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine, in violation of 21 U.S.C. §846, §841(a)(1), and §841(b)(1)(A) (Count One);

AND WHEREAS, the Indictment also included a Criminal Forfeiture allegation, pursuant to 21 U.S.C. §853, and as a result of the offense alleged in Count One of the Indictment, the United States sought the forfeiture of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offense, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. Such property includes, but is not limited to the following:

   (a)   The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed

        dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;[1]

  (b)  The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

  (c)  One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo; and

  (d)  One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo;

AND WHEREAS, the forfeiture allegation also provided that if any of the properties previously mentioned, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be subdivided without difficulty, that it is the intention of the United States, pursuant to 21 U.S.C. §853(p), to seek forfeiture of any other property of the Defendant up to the value of the previously described properties;

---

[1] The 147 Eighteenth Street, Fall River, Massachusetts real property is being forfeited in conjunction with the civil proceedings in, U.S. v. 172 Earle Street, Fall River, Massachusetts, docket number 03-11513-RCL. On July 22, 2005, a Final Judgment and Order of Forfeiture was issued for this property and therefore it will not be forfeited in connection with the instant criminal case.

2

AND WHEREAS, on or about May 25, 2005, a change of plea hearing was held whereby the Defendant entered into a written Plea Agreement in which he pled guilty to Count One of the Indictment. In addition, the Defendant agreed to forfeit to the United States any and all assets subject to forfeiture as a result of his guilty plea. The assets to be forfeited included, but were not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate. The assets to be forfeited specifically included, without limitation, the following:

(a) The real property located at 147 Eighteenth Street, Fall River, Massachusetts, as more fully described in the deed dated June 13, 2003, recorded with the Bristol County Registry of Deeds in Book 4933, Page 236;[2]

(b) The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

(c) One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo;

(d) One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo;

(e) Seventy-five thousand dollars ($75,000) in U.S. currency, which is currently in the possession, custody or control of Defendant;

(f) Any and all other property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly,

---

[2] As mentioned previously, this property is being civilly forfeited in the civil case, U.S. v. 172 Earle Street, Fall River, Massachusetts, (C.A. No. 03-11513-RCL).

Case 1:03-cr-10361-RWZ    Document 98-2    Filed 09/09/2005    Page 4 of 7

      as the result of drug trafficking during the period July 2001 through July 2003, except as set forth herein;

(g)   Fifty-four thousand dollars ($54,000) recovered from a 1992 red Mercury Marquis on or about July 22, 2003;

(h)   Thirty-four thousand dollars ($34,000) recovered from 148 Davis Road, Westport, Massachusetts, on or about July 23, 2003;

(i)   One 1991 GMC Jimmy (registration MA 473AEL); and

(j)   One 1997 Jeep Grand Cherokee (registration MA 38FK20),

(collectively referred to as the "Defendant Properties");

    AND WHEREAS, the Defendant admits that these assets are subject to forfeiture on the grounds that (1) they constitute, or are derived from, proceeds of Defendant's unlawful drug activity, and/or (2) they were used, or intended to be used, to commit the crime charged in Count One of the Indictment. Defendant therefore consents to the forfeiture of all of Defendant's interests in all such forfeitable assets to the United States. The forfeitures may be carried out criminally, civilly, or administratively in the government's discretion;

    AND WHEREAS, by virtue of the Defendant's guilty plea, and his subsequent conviction on Count One of the Indictment, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Properties, or substitute assets, in a value up to the amount of the Defendant Properties;     AND WHEREAS, upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal


interest in the Defendant Properties and will publish notice in newspapers of general circulation of the Court's Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct, pursuant to 21 U.S.C. §853(n);

AND WHEREAS, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Properties in the form submitted herewith.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based upon the conviction of defendant John Melo, with respect to Count One of the Indictment, the United States is hereby authorized to seize the Defendant Properties and they are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. §853(a) and (p).

2. If the Defendant Properties, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to

the value of the Defendant Properties, pursuant to 21 U.S.C. §853(p).

3.   The United States Marshal Service (the "Marshals") shall hold the Defendant Properties in its secure custody and control.

4.   Pursuant to 21 U.S.C. §853, the Marshals shall take any other appropriate steps pursuant to the applicable provisions of 21 U.S.C. §853, to seize, forfeit, and dispose of the Defendant Properties, giving notice as required by law.

5.   Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Properties in such manner as the Attorney General, or his authorized representatives, may direct.

6.   Pursuant to 21 U.S.C. §853(n), the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Properties that are the subject of this Order of Forfeiture as a substitute for published notice as to those persons so notified.

7.   Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Properties, shall within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever

is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the Defendant Properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Defendant Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the Defendant Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), and Rule 32.2 of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

_____
RYA W. ZOBEL
United States District Judge

Dated: November 16, 2005

7