```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,   )
          Plaintiff,        )
     v.                     )   Criminal No. 03-10361-RWZ
                            )
JOHN MELO,                  )
          Defendant.        )
                            )
                            )
```

## MOTION TO CORRECT JUDGMENT

The United States of America, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Criminal Procedure 36, that this Court enter a corrected judgment in the above-captioned case, because the judgment entered on November 21, 2005, due to clerical error, omission, or oversight, incorrectly states the forfeiture ordered by the Court.  Specifically, the Judgment erroneously included one property that was not subject to criminal forfeiture and erroneously failed to include three assets that are subject to criminal forfeiture.  In support thereof, the United States sets forth the following:

1.   On May 25, 2005, at a change of plea hearing, the Defendant pled guilty to a Cocaine Conspiracy, in violation of 21 U.S.C. §846 and §841.  The Indictment to which the Defendant pled guilty included a forfeiture allegation pursuant to 21 U.S.C. §853.  In addition, in a written plea agreement, the Defendant agreed to forfeit to the United States any and all assets subject to

1

forfeiture as a result of his guilty plea.

    2.    On November 16, 2005, the Court endorsed a Preliminary Order of Forfeiture[1], holding that the following assets were subject to forfeiture:

    (a)    The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;

    (b)    One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo;

    (c)    One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo;

    (d)    Seventy-five thousand dollars ($75,000) in U.S. currency, which is currently in the possession, custody or control of Defendant;[2]

    (e)    Fifty-four thousand dollars ($54,000) recovered from a 1992 red Mercury Marquis on or about July 22, 2003;

    (f)    Thirty-four thousand dollars ($34,000) recovered from 148 Davis Road, Westport,

---

[1] The United States is concurrently filing a Motion to Amend the Preliminary Order of Forfeiture due to clerical errors by this office. No substantive changes to the Preliminary Order of Forfeiture are proposed.

[2] The Seventy-five thousand dollars ($75,000) in U.S. Currency is currently in the possession, custody and control of the United States. Prior to the Defendant's sentencing on November 16, 2005, the Defendant's attorney provided this currency to the United States.

>   Massachusetts, on or about July 23, 2003;
>
>   (g) One 1991 GMC Jimmy (registration MA 473AEL); and
>
>   (h) One 1997 Jeep Grand Cherokee (registration MA 38FK20).

3. On November 16, 2005, the Court sentenced the Defendant to 240 months' incarceration and ten years of supervised release. In addition, at the sentencing, the Court made an oral pronouncement stating that the Defendant was to forfeit the assets listed in the Preliminary Order of Forfeiture.

4. On November 21, 2005, this Court entered a written judgment. The written judgment stated that the Defendant shall forfeit his interest in the following properties:

>   (1) The real property located at 147 Eighteenth Street, Fall River, Massachusetts;
>
>   (2) The real property located at 172 Earle Street, Fall River, Massachusetts;
>
>   (3) One 2002 Bourgetta Python Motorcycle, and
>
>   (4) One 1998 Lincoln Navigator.

5. The forfeiture portion of the Court's November 21, 2005 judgment was in error for two reasons. First, it erroneously included one property that was not subject to criminal forfeiture. Second, it erroneously failed to include three assets that were subject to forfeiture, as indicated in the Preliminary Order of Forfeiture and the Court's oral pronouncement.

6. First, the forfeiture portion of the judgment incorrectly

included the real property located at 147 Eighteenth Street, Fall River, Massachusetts, as criminally forfeitable. In fact, as stated in the Preliminary Order of Forfeiture, the property has already been civilly forfeited in <u>U.S. v. 147 Eighteenth Street, Fall River, Massachusetts and 148 Davis Road, Westport, Massachusetts</u>, No. 03-11513-RCL, and is therefore not available for criminal forfeiture.

7.   Second, the forfeiture portion of the judgment erroneously failed to include three assets that the Court had already determined were criminally forfeitable in the Court's Preliminary Order of Forfeiture and in the Court's oral pronouncement. Specifically, the forfeiture portion of the judgment failed to include the following three assets

   (a)   Seventy-five thousand dollars ($75,000) in U.S. currency, which is currently in the possession, custody or control of the United States;

   (b)   Thirty-four thousand dollars ($34,000) recovered from 148 Davis Road, Westport, Massachusetts, on or about July 23, 2003; and

   (c)   One 1997 Jeep Grand Cherokee (registration MA 38FK20).[3]

8.   Rule 32.2(b)(3) provides: "At sentencing -- or any time before sentencing if the defendant consents -- the order of

---

[3] The United States is not seeking criminal forfeiture of the Fifty-four thousand ($54,000) or the One 1991 GMC Jimmy listed in the Preliminary Order of Forfeiture as they have already been administratively forfeited.

4

forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment." Fed. R. Crim. P. 32.2 (b)(3). The failure to include forfeiture in a judgment may be corrected pursuant to Rule 36, which allows the Court to:

> at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from an oversight or omission.

9. Here, the errors in the Court's judgment – the inclusion of an asset that was not subject to criminal forfeiture and the failure to include three assets subject to criminal forfeiture – apparently arise from oversight or omission, and, therefore, may be corrected pursuant to Rule 36. See <u>United States v. Yeje-Cabrera</u>, 2005 WL 2868315 at *12 (1st Cir. Nov. 2, 2005)(ordering on appeal, a district court judgment without forfeiture to be amended <u>nunc pro tunc</u> to include an order of forfeiture).

10. The United States requests that the Court correct the judgment to reflect that the following assets are forfeited to the United States:

> (a) The real property located at 172 Earle Street, Fall River, Massachusetts, as more fully described in the deed dated January 3, 2003, recorded with the Bristol County Registry of Deeds in Book 4674, Page 290;
>
> (b) One 2002 Bourgetta Python Motorcycle (VIN #189BPY8A41A393370) Massachusetts Registration Number DX995, registered to John Melo;

5

(c) One 1998 Lincoln Navigator (VIN# 5LMPU28L5WLJ53728) Massachusetts Registration Number 4256SP, registered to John L. Melo;

(d) Seventy-five thousand dollars ($75,000) in U.S. currency, which is currently in the possession, custody or control of Defendant;

(e) Thirty-four thousand dollars ($34,000) recovered from 148 Davis Road, Westport, Massachusetts, on or about July 23, 2003; and

(f) 1997 Jeep Grand Cherokee (registration MA 38FK20).

WHEREFORE, the United States respectfully moves that this Court issue a corrected judgment in the above captioned case, including all assets subject to forfeiture.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN,
                              United States Attorney

By: /s/ Jennifer H. Zacks
    JENNIFER H. ZACKS
    Assistant U.S. Attorney
    United States Courthouse
    Suite 9200
    1 Courthouse Way
    Boston, MA 02210
    (617) 748-3100

Dated: December 1, 2005

<u>CERTIFICATE OF SERVICE</u>

    I certify that I have served a true copy of the foregoing upon John P. LaRochelle, Esquire, LaRochelle & MacDonald, Inc., One Turks Head Place, Suite 1440, Providence, RI 02903, John E. MacDonald, Esquire, LaRochelle & MacDonald, Inc., One Turks Head Place, Suite 1440, Providence, RI 02903, and Michael C. Andrews, Esquire, Law Offices of Michael Andrews, 21 Custom House Street, Suite 920, Boston, MA 02110, as counsel for Defendant John Melo, by first class mail.

                                                  <u>/s/ Jennifer H. Zacks</u>
                                                  JENNIFER H. ZACKS
                                                  Assistant U.S. Attorney

Dated: December 1, 2005